

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-22-00411-CV

---

WILLIE LEWIS, Appellant

V.

CITY OF FORT WORTH, TARRANT COUNTY, FORT WORTH INDEPENDENT
SCHOOL DISTRICT, TARRANT COUNTY COLLEGE DISTRICT,
TARRANT COUNTY HOSPITAL DISTRICT, AND
TARRANT REGIONAL WATER DISTRICT, Appellees

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-B43868-11

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In August 2016, the trial court entered judgment that Appellees were owed delinquent property taxes, and it authorized Appellees to seek the sale of the corresponding piece of real property, which was partially owned by Appellant. In May 2018, the real property was sold to pay the outstanding tax bill. More than four years later, in October 2022, Appellant filed a notice of appeal to challenge the sale.

Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed. Tex. R. App. P. 26.1. Although an appellant may postpone this deadline by filing a qualifying postjudgment motion or seeking an extension, these options postpone the notice-of-appeal deadline by days—not years. *See* Tex. R. App. P. 26.1(a) (shifting deadline to within 90 days of judgments signing if qualifying postjudgment motion is filed), 26.3 (shifting deadline 15 days if extension is implicitly or explicitly requested). "[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal . . . we must dismiss the appeal." *Manning v. Funimation*, No. 02-22-00145-CV, 2022 WL 1573486, at *1 (Tex. App.—Fort Worth May 19, 2022, no pet.) (mem. op.) (quoting *Mitchell v. Estrada*, No. 02-22-00005-CV, 2022 WL 1183342, at *1 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.) (mem. op.)); *see* Tex. R. App. P. 25.1(b).

Because Appellant filed his notice of appeal multiple years after the judgment and order he sought to challenge were signed, we notified Appellant that his notice of appeal appeared untimely and expressed our concern that we lacked jurisdiction over

the appeal. We warned that we would dismiss the appeal for want of jurisdiction unless Appellant (or any other party) filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Appellant sent a response explaining why he was unavailable in the months leading up to the sale and why he believes the sale was improper. But these allegations address the anticipated substance of Appellant's appellate issues—they do not identify any legal grounds for our exercise of jurisdiction.

Because Appellant failed to file a timely notice of appeal, we must dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Manning*, 2022 WL 1573486, at *2 (holding similarly where appellant filed untimely notice and response did not show grounds for continuing appeal).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 17, 2022

3